1  DUANE M. GECK (State Bar No. 114823)
   DONALD H. CRAM (State Bar No. 160004)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
4  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
5
   Attorneys for Plaintiff
6  FORD MOTOR CREDIT COMPANY, LLC

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11 | FORD MOTOR CREDIT COMPANY, LLC, | Case No.: 2:08-CV-01407-LKK-DAD |
   | a Delaware Limited Liability Company, | |
12 | | **ORDER GRANTING FORD CREDIT'S EX PARTE APPLICATION FOR ENFORCEMENT OF TRO AND ISSUANCE OF ORDER FOR WRIT OF POSSESSION AND INJUNCTIVE RELIEF** |
   | Plaintiff, | |
13 | | |
   | vs. | |
14 | | |
   | WILSON-CORNELIUS FORD, a California | |
15 | corporation, | Hearing Date: |
   | | Time: |
16 | Defendants. | Dept.: |
   | | Judge: Hon. Lawrence K. Karlton |
17 | | Complaint Date:  June 20, 2008 |

18

19       The Ex Parte Application of Ford Motor Credit Company, a Delaware limited liability

20 company ("Ford Credit") for the Enforcement of Temporary Restraining Order requesting issuance

21 of an order for writ of possession and for injunctive relief ("Application") came on by an *ex parte*

22 application before the Honorable Lawrence K. Karlton, United States District Court for the Eastern

23 District of California on July 25, 2008.

24       The Court, having reviewed the Application, the supporting declarations and memorandum of

25 points and authorities and the complaint on file in this action, and any opposition filed to the

26 Application, finds that Ford Credit has established that it is entitled to the issuance of an Order for

27 Writ of Possession and has established the failure of Wilson-Cornelius Ford to comply with the

28 Order for Temporary Restraining Order issued June 26, 2008 ("TRO"), and has established the

1  probable validity that there is an immediate danger that the vehicles identified on the attached
2  Exhibit A, the other personal property described in the attached Exhibit B, and the proceeds from the
3  sale of any such vehicle or other personal property (collectively the "Collateral"), may become
4  unavailable to levy and may become substantially impaired in value.
5       At oral argument, defendant argued that there are pending proceedings before the California
6  New Motor Vehicles Board, which purportedly has exclusive jurisdiction over franchise
7  terminations.  Defendant reasons that because granting the writ of possession would result in a de
8  facto termination of the dealership, the court should stay the writ pending resolution of the
9  proceedings before the board.  But the mere existence of other claims available to defendant that
10 could be asserted against plaintiff does not warrant a stay of the writ.  See RCA Service Company v.
11 Superior Court, 137 Cal. App. 3d 1 (1982) (finding that a defendant's ability to assert counterclaims
12 "cannot defeat petitioner's ownership rights and right to reclaim the equipment. The claim for
13 possession and the claim for damages are unrelated.").
14      GOOD CAUSE APPEARING, THEREFORE,
15      IT IS HEREBY ORDERED that:
16      1.    Defendant Wilson-Cornelius Ford ("Wilson-Cornelius") has received timely and
17 proper notice of this hearing on Plaintiff Ford Credit's Application under the TRO and the Court's
18 Local Rules.
19      2.    Ford Credit has established the probable validity of its security interest in, and claim
20 to possession of, the vehicles identified on the attached Exhibit A, and all of Wilson-Cornelius's
21 furniture, fixtures, machinery, supplies and other equipment, all motor vehicles, tractors, trailers,
22 implements, service parts and accessories and other inventory of every kind, all accounts, contract
23 rights, chattel paper and general intangibles as described in the attached Exhibit B, and that
24 Defendant Wilson-Cornelius is in default on its loan obligations owing to Ford Credit as set forth in
25 the moving papers.
26      3.    Ford Credit has established that the Collateral is located at Wilson-Cornelius's place
27 of business at 201 Auto Mall Parkway, Vallejo, California (the "Dealership").
28

4.     The Clerk of this Court shall issue a writ of possession as provided in California Code of Civil Procedure section 512.010, made applicable by Federal Rule of Civil Procedure 64.

5.     The levying officer may enter the following private places at any time or times, using any necessary reasonable force, whether the premises are occupied or unoccupied, to take possession of the Collateral or some part thereof: 201 Auto Mall Parkway, Vallejo, California.

6.     The levying officer is authorized to remain on Wilson-Cornelius's business premises at all times until all the Collateral is removed from the Dealership. The levying officer within whose jurisdiction the Collateral, or some part thereof, is located, is authorized to execute the Writ of Possession and levy on the Collateral in either of the following manners as directed by Ford Credit:

(a) The levying officer may seize the Collateral and retain custody of it in the manner provided by California Code of Civil Procedure sections 514.010 - 514.050; or

(b) The levying officer within whose jurisdiction the Collateral, or some part thereof, is located may maintain the peace while Ford Credit, its agents and employees take and maintain possession of the Collateral in the manner provided by California Code of Civil Procedure sections 514.010 - 514.050.

7.     Upon delivery of the Collateral to Ford Credit, the United States Marshal Service shall be held harmless as to the transport, storage, and maintenance of the Collateral.

8.     The Plaintiff, Ford Motor Credit Company, or their attorneys, or persons under their supervision shall accompany the United States Marshal during the service and execution of the Court's Writ of Execution with respect to all personal property including the vehicles listed in the attached Exhibit A which is located at the Dealership.

9.     Brasher's Sacramento Auto Auction, and/or its authorized agents and assigns, is authorized to act as substitute custodian ("Substitute Custodian") of any and all items of personal property that is located and seized within the State of California pursuant to this Order, and as Substitute Custodian it shall hold harmless the United States Marshals Service from liability arising from any acts, incidents, or occurrences in connection with the seizure and possession of the personal property located at the Collateral arising in the ordinary, authorized scope of the duties of the United States Marshal (which acts do not include acts arising from negligent or intentional tortious conduct),

including any third-party claims, and the United States Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.  Brasher's Sacramento Auto Auction is located at 6233 Blacktop Road, Rio Linda, CA 95673, (telephone: (916) 991-5555).  The United States Marshall shall request proof of insurance from the Substitute Custodian before surrendering the Collateral to the Substitute Custodian.

10. Ford Credit is to store the Collateral in a reasonable manner and either Ford Credit or the storage facility shall carry sufficient insurance to protect the Collateral from loss prior to its sale or disposition.  Ford Credit shall dispose of the Collateral in the manner provided under the California Uniform Commercial Code.

11. Ford Credit has established that it has a security interest in all accounts of Wilson-Cornelius.  Ford Credit is authorized under this Order and the Writ of Possession to take possession of all Collateral in the deposit accounts of Wilson-Cornelius wherever located.  Ford Credit is authorized to have the United States Marshal serve a financial institution levy upon any financial institution with possession of Collateral for turnover of the Collateral in the Accounts to Ford Credit through the United States Marshal in the manner provided under California Code of Civil Procedure section 704.080.  Neither Wilson-Cornelius shall issue checks, drafts or other form of withdrawals from the Accounts from the date of the issuance of this Order except to make payment to Ford Credit.

12. Wilson-Cornelius shall deliver and turn over the Collateral to Ford Credit as provided by California Code of Civil Procedure section 512.070.  Ford Credit will then hold the Collateral for not less than 10 days in order to allow Wilson-Cornelius an opportunity to obtain redelivery of the Collateral pursuant to Cal. Code of Civ. Proc. §514.030.

13. Ford Credit is authorized to use a single USM-285 form which will refer to a list including all motor vehicles comprising the Collateral and identifying each motor vehicle specifically by make, model, year, and vehicle identification number.  The levying officer is directed to accept such form in full compliance with its procedures requiring the use of form USM-285.

14. The writ of possession shall issue forthwith.  The Court waives any filing or posting of an undertaking or bond by Ford Credit as the Court is permitted and authorized to do under

California Code of Civil Procedure section 515.010(b). The Court finds, for the purposes of this Order, that the value of Wilson-Cornelius's assets is approximately $4,039,712.37, which is less than the principal amounts of the contractual obligations totaling $4,984,353.48 it owes to Ford Credit by $944 641.11.  Under California Code of Civil Procedure §515.010(b), Ford Credit is not required to file an undertaking.

15. The written undertaking required by Wilson-Cornelius for redelivery or to stay delivery shall be in the amount of $4,984,353.48.

16. The Clerk of this Court shall attach a copy of this Order to the writ of possession.

17. Ford Credit's representatives shall, if the levying officer so requests, accompany the levying officer to the business premises described above, to review and examine Wilson-Cornelius's books and records relating to the vehicles and parts constituting the Collateral in order to determine the status, location and time and date of return of any Collateral.  Ford Credit's representative is authorized to remain at the Wilson-Cornelius Dealership at all times until all the Collateral is removed from the Dealership.

18. The United States Marshal while accomplishing such seizure shall employ whatever reasonable force that is necessary to break open and enter the Subject Property, regardless of whether said premises and/or location is locked or unlocked or occupied or unoccupied, and to inspect the contents of any parking lot, garage, room, vehicle, container or desk or document.

IT IS FURTHER ORDERED THAT:

19. Wilson-Cornelius, its agents, employees, and all persons acting for it or on its behalf, are hereby immediately restrained and enjoined from transferring any interest in the Collateral by lease, sale, pledge, gift, or grant of security interest or otherwise disposing of, encumbering, secreting or transferring possession of the Collateral, in any manner which would prevent, hinder, or delay the levying officer from taking possession of the Collateral.

20. Defendant Wilson-Cornelius, its agents, employees and anyone acting on its behalf, are enjoined and restrained from transferring any interest by sale, pledge, gift or grant of security interest or otherwise disposing of, or encumbering the Collateral identified on the attached <u>Exhibits A and B</u>.

21. In the event that Wilson-Cornelius ceases to conduct business, Ford Credit is authorized to have all mail to be delivered to Wilson-Cornelius redirected to a post office box that Ford Credit will maintain for the purpose of receiving Wilson-Cornelius's mail.  Ford Credit will be authorized to open the mail to Wilson-Cornelius and to take possession of all money paid to Wilson-Cornelius and to endorse all checks, money orders, and other forms of payment to Ford Credit and to apply the funds to the contract balances owing by Wilson-Cornelius to Ford Credit.  Wilson-Cornelius, its officers, or its appointed employees are agents are permitted to be present when Ford Credit opens any such redirected mail.  The parties shall cooperate in scheduling a reasonable time for the opening of the redirected mail.

22. This order shall issue July 28, 2008, at 10:00 a.m.

23. This Order shall remain in effect until modified by further order of this Court, or modified by written agreement signed by plaintiff Ford Credit and defendant Wilson-Cornelius filed with and approved by order of this Court.

24. Per Local Rule 6-136, notice is hereby given to Wilson-Cornelius of the right to apply to the Court for modification or dissolution on this Order on two (2) court days' notice by personal service or such other notice as the Court may allow.

DATED:  July 25, 2008

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

- 6 -

10872/0137/676507.1

ORDER FOR WRIT OF POSSESSION
Case No.2:08-cv-01407